IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| USA LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09cv47 (AJT/JFA) |
| | ) | |
| BIO-ENGINEERED SUPPLEMENTS & | ) | |
| NUTRITION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This is a civil action for federal unfair competition, false representation and false designation of origin pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff has also asserted Virginia common law claims for trademark infringement and misappropriation.[1] Presently pending before the Court is the Motion to Transfer Venue of Defendant Bio-Engineered Supplements & Nutrition, Inc. ("BSN"). For the reasons stated herein, Defendant's Motion to Transfer Venue is DENIED.

## I. BACKGROUND

Plaintiff USA Laboratories, Inc. ("ULI") is a Tennessee corporation with its principal place of business in Burns, Tennessee. Verified Compl. ("VC") at ¶ 3. ULI is a family-owned business that has marketed and sold dietary supplements and related products for over twenty years. VC at ¶ 8. Since at least as early as 1992, ULI has continuously marketed and used the X-PLODE name and mark to identify its sport

---

[1] In its original Verified Complaint, Plaintiff asserted a claim for federal trademark infringement under 15 U.S.C. § 1114 and a claim for unfair competition under Virginia common law. On April 10, 2009, Plaintiff amended its Verified Complaint and excluded these two counts from this action.

nutrition food supplement product. VC at ¶ 10. ULI has sold millions of dollars worth of its X-PLODE product throughout the United States. VC at ¶ 12.

BSN is a Florida corporation with its principal place of business in Boca Raton, Florida. VC at ¶ 4. On June 1, 2006, BSN filed a trademark application with the U.S. Patent and Trademark Office ("USPTO") to register the mark N.O.-XPLODE (Serial No. 78/893780) in International Class 5 for "Dietary supplements." VC at ¶ 18. The application was based upon alleged use of the mark since 2004. VC at ¶ 18. BSN currently advertises and markets its N.O.-XPLODE food supplement product through displays in retail stores and on the Internet. VC at ¶ 20. BSN sells its N.O.-XPLODE supplement to retailers located in the Eastern District of Virginia. Pl's. Mem. in Opp. to Mot. to Transfer Venue ("Pl's. Br."), Ex. 1, Declaration of Charles T. Stokes at ¶¶ 8, 11. ULI alleges subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. ULI also alleges jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Neither party contests personal jurisdiction nor venue in this district.

## II.    STANDARD OF REVIEW

BSN has moved to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides in pertinent part:

> for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer a case under Section 1404(a) is within the sound discretion of the court. *See Beam Laser Sys., Inc. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515, 517 (E.D. Va. 2000). In deciding whether to transfer this action under Section 1404(a), this Court must first determine whether this action could have originally been brought in the

district to which the movant seeks to have the case transferred. *See, e.g., Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 691 (E.D. Va. 2007). Once the Court makes the determination that venue is proper in the transferee district, the Court will then balance and weigh three additional factors: (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses and (3) the interest of justice. *Id.* The burden of proof rests with the party seeking transfer. *PBM Prods. v. Mead Johnson & Co.*, No. 3:01cv199, 2001 U.S. Dist. LEXIS, 18312 at * 5 (E.D. Va. Apr. 4, 2001).

Recognizing that transfer under Section 1404(a) overrides a plaintiff's choice of forum, courts have imposed a heavy burden on those who seek transfer and a court will not order transfer unless the balance is strongly in favor of the defendant. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1950); *Morehead v. Barksdale,* 263 F.2d 117, 119 (4th Cir. 1959). The impermissible result to be avoided is simply to shift the balance of inconvenience from the plaintiff to the defendant. *See Coors Brewing Co. v. Oak Beverage Co.*, 549 F. Supp. 2d 764, 772 (E.D. Va. 2008).

## III.  DISCUSSION

### A.  Venue in the Southern District of Florida

In federal cases where the defendant is a corporation, venue is proper "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because BSN has its principal place of business in the Southern District of Florida, it is subject to the jurisdiction of that court. Thus, venue is appropriate in the transferee district.

**B. ULI's Choice of Forum and the Convenience of the Parties**

Federal district courts generally accord "substantial weight" to a plaintiff's choice

of forum. *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743

(E.D. Va. 2003). However, "the plaintiff's choice of forum is not entitled to substantial

weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action

bears little or no relation to the chosen forum." *Lycos*, 499 F. Supp. 2d at 692. Indeed,

"if there is little connection between the claims and this judicial district, that would

militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with

more substantial contacts." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D.

Va. 2003).

In the present case, Virginia is not ULI's home forum and ULI's choice of forum

is not entitled to substantial weight for that reason. However, ULI's choice of forum

must be given some weight because this forum does have a connection to the asserted

cause of action. BSN concedes that it derives significant revenue from sales in this

district and that it sells the allegedly infringing product in this district. BSN points out

that its direct sales into Virginia constitute only approximately two percent of its overall

direct sales, as compared to as much as ten percent or more in certain other states.

Nevertheless, the direct sales into Virginia, as well as sales through retail outlets,

constitute millions of dollars in revenue for BSN and are not an insignificant part of

BSN's overall revenue. Because the sale of these products into this district serves as the

basis of ULI's cause of action, the Court finds that a logical nexus exists between this

action and this venue.

4

BSN argues that ULI's choice of forum should be given little weight because BSN's "sales are not unique to Virginia." *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001); *see also Orig. Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005). In support of this proposition, BSN relies heavily on *Original Creatine*, which was a case involving an allegation of patent infringement. In that case, the court found that transfer was appropriate because the plaintiff lacked a connection to this district beyond its sales activity. *See Original Creatine*, 387 F. Supp. 2d at 569. However, the court subscribed to the view that "in patent infringement cases, the preferred forum is generally 'the center of the accused activity.'" *Id.* (quoting *Acterna*, 129 F. Supp. 2d at 939). The "center of the accused activity" in a patent infringement action is typically where the infringing product was designed or manufactured, particularly since a claim for patent infringement arises upon the making of the accused product, without the need for an infringing sale or even placing the accused product into the stream of commerce. *See Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004) ("The preferred forum in patent infringement cases is generally 'the center of the accused activity,' which is often where the offending device is produced.") (citation omitted); *see also Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1573 (Fed. Cir. 1996) ("The patent statute grants the patentee the right to exclude others from making, using, or selling the patented subject matter. Any of these activities during the patent term is an infringement of the patent right.") (citation omitted).

This case involves a claim of trademark rather than patent infringement. Unlike a patent infringement case, where the infringement often predates the sale of the products,

infringement in trademark cases only occurs once the allegedly infringing products are injected into the stream of commerce and a likelihood of confusion can be demonstrated. *Tefal, S.A. v. Products Int'l Co.*, 529 F.2d 495, 496 n.1 (3d. Cir. 1976) ("a cause of action for trademark infringement arises where the passing off occurs."). The nature and elements of a patent infringement and a trademark infringement claim are therefore different and the role of actual sales and the circumstances surrounding sales plays a more integral role with respect to a claim for trademark infringement.

BSN contends that allowing this case to proceed here would, in effect, subject it to jurisdiction everywhere in the United States. While it may be true that venue for trademark infringement may exist anywhere that the sale of BSN's allegedly infringing product takes place, there is no legitimate reason to presumptively insulate BSN from such lawsuits in authorized venues. Congress authorized venue under Section 1391 based on a corporation's amenability to personal jurisdiction. *See* 28 U.S.C. § 1391. Any fundamental unfairness to a corporate defendant is addressed by the constitutional dimension of that restriction. Moreover, the transfer of a case from one particular venue to another will depend on the facts of that case. To this end, it is appropriate for the Court to consider the level of sales activity within a particular venue in assessing the overall balance of factors and considerations under Section 1404(a). That factor relates to both the defendant's connection to that district, as well as the reasonableness of the plaintiff's choice in proceeding in that district. What is not appropriate is to lessen the burden imposed on a foreign defendant to justify transfer under Section 1404(a) where its business activities subject it to suit in multiple venues.

**C. Witness Convenience and Access to Evidence**

A federal district court evaluating the convenience of the parties must consider factors such as "the ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005). This evaluation requires the Court to "draw a distinction between party witnesses and non-party witnesses and affords greater weight to the convenience of non-party witnesses." *Lycos*, 499 F. Supp. 2d at 693. "The party asserting witness inconvenience must proffer sufficient details regarding the witness and his or her testimony to allow the court to assess both the materiality of the evidence that the witness will offer and the inconvenience that will result from declining to transfer the action." *Id.* The court will give "greater weight to potential inconvenience of witnesses 'whose testimony is central to a claim and whose credibility is also likely to be an important issue.'" *Id.* (quoting *Board of Trustees Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)).

BSN argues that this factor weighs in favor of transfer because many of the vital witnesses are located in Florida. BSN claims that the witnesses who will testify about the company's intent in selecting the mark, for example, are all located in Florida. Because the defendant's intent in selecting the mark is a factor in a trademark infringement case, BSN argues that Florida is the most logical and convenient venue since the witnesses relevant to that factor are located in Florida. This argument fails to persuade the Court for two reasons. First, the defendant's intent in selecting the mark is only one of eight factors the Court must consider in determining whether an infringement has occurred. *See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984).

7

The Court must also consider, among other factors, any evidence of actual confusion. The witnesses necessary to prove this element are clearly in places other than Florida, particularly with respect to the Virginia sales that form the basis of the cause of action asserted in this case. Second, the only witnesses that BSN has identified are its own employees, and courts have repeatedly emphasized that in considering whether to transfer a case under 28 U.S.C. § 1404(a), the inconvenience to party witnesses is not afforded the same weight as the inconvenience to non-party witnesses. *See Mullins v. Equifax Info. Services, LLC*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650 at * 23 (E.D. Va. Apr. 28, 2006); *see also Koh*, 250 F. Supp. 2d at 637.

Furthermore, BSN provides few details regarding the potential testimony of its witnesses and fails to specifically identify any non-party witnesses in Florida or anywhere else. The Court therefore has no idea whether there are any necessary, non-cumulative, Florida-based non-party witnesses or how many of BSN's own witnesses would be relevant and non-cumulative with respect to the issues to be tried. *Cf. U.S. v. Microsemi Corp.*, No. 08CV1311, 2009 U.S. Dist. LEXIS 18700 (E.D. Va. Mar. 4, 2009) ("Microsemi has identified an array of potential witnesses located in California and elsewhere outside of Virginia, together with a description of the issues on which they have relevant knowledge."). Since BSN has failed to make a sufficiently strong showing that the current venue presents a significant inconvenience for necessary witnesses, and particularly non-party witnesses, the Court will attribute little weight to this factor.

**D. Interest of Justice**

In determining whether to transfer a case under Section 1404(a), federal courts must consider a number of public interest factors such as judicial economy, the avoidance

of inconsistent judgments, docket congestion, the interest in having local controversies

decided at home, the court's familiarity with the controlling law, and the interest in

avoiding unnecessary conflicts of law. *See Lycos*, 499 F. Supp. 2d at 635; *see also*

*Cognitronics Imaging Sys. v. Captiva Software Corp.*, 83 F. Supp. 2d 689, 696 (E.D. Va.

2000).

None of these considerations weigh significantly in this case. For example, while

the allegedly infringing product was designed in Florida and sold here, this controversy

cannot be reasonably viewed as a "local controversy" connected to either jurisdiction.

The only argument that either party makes with respect to the "interest of justice" factor

is BSN's argument that this action should not remain in this district based solely on

docket considerations. Def. Br. in Supp. of Mot. to Transfer ("Def. Br.") at 8. This

Court agrees, as it is a well-settled principle that docket considerations are given little

weight in a court's decision to transfer a case under Section 1404(a). *Id.* at 699. The

Court finds that the "interest of justice" factor does weigh in favor of either party.

## IV.   CONCLUSION

After balancing all of the Section 1404(a) factors, the Court is faced with simply

an out-of-state plaintiff asserting a cause of action arising out of a substantial amount of

allegedly infringing sales in this district and a foreign defendant located in the proposed

transferee district. The only aspect to this case that favors transfer to the Southern

District of Florida is that Florida is BSN's home forum and certain of its employees may

be witnesses.[2] These facts, in and of themselves, do not sustain BSN's burden based on

---

[2] BSN conceded at oral argument that it would not have a compelling case for transfer to
Florida had ULI chosen its home forum in Tennessee. Furthermore, BSN could not

9

the record before the Court.  While located in Tennessee, ULI is best suited to determine where venue is most convenient for it.  Nevertheless, that choice must still be overcome by considerations that accomplish some objective other than simply to "shift the balance of inconvenience" from the defendant to the plaintiff.  *See Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. at 1259.  Based on the record before the Court, the Court concludes that the transfer of this case would do nothing more than shift the balance of inconvenience from BSN to ULI.[3]

Finding that this action has a substantial connection to this district, and that BSN has otherwise failed to meet its burden under Section 1404(a), BSN's Motion to Transfer Venue to the Southern District of Florida is hereby DENIED.

An appropriate Order will issue.

_____
Anthony J. Trenga
United States District Judge

May 4, 2009
Alexandria, Virginia

---

articulate why venue in this district is less convenient than it would be in the Eastern District of Tennessee.

[3] Whether this action should proceed in this District is an issue separate and apart from how and where discovery should be conducted, particularly as to the deposition of BSN and its employees.